## LUYSTEN *vs.* SNIFFEN.

If the record upon which a writ of error is brought has not been properly made up, the proper course is to apply to the court in which the judgment was rendered, to amend the record. With such errors the appellate court has nothing to do.

Upon a writ of error, the appellate court will assume that the court below has made up the record of its judgment correctly; or, if such record is amended, that the amendment was properly made.

It is the province of the supreme court to examine, and correct, all errors which shall be found in any record brought there by writ of error; but it has no control over errors which have occurred in making up such record.

If the court below sees fit to correct an error, in the form of its record, it is a matter of course for the supreme court to allow the copy of such record which had been sent to that court previous to the amendment, to be also amended.

But such amendments should only be allowed on such terms as will prevent injustice.

---

Luysten *v.* Sniffen.

---

THIS was a motion on the part of the defendant in error, to amend the copy of the record sent to this court by the New-York common pleas, with the writ of error issued in this case; so as to make such copy correspond with the record as amended by the court below. The judgment in the court below was rendered upon a report of referees; and the plaintiff in error, who was defendant in the suit below, being dissatisfied with the report, applied to the court below to have a statement of facts settled and incorporated in the record, for the purpose of bringing error thereon. After the record was made up, and transcribed according to the practice of the court, the defendant in error applied to the court below for a re-settlement of the statement of facts which had been inserted in the record. The application was granted, and the statement of facts had been re-settled and the record amended accordingly, so that the record in this court did not correspond with the record in the court below.

*T. E. Tomlinson*, for the defendant in error.

*H. M. Western*, for the plaintiff in error

HARRIS, J. If the record upon which the writ of error is brought, has not been properly made up, the proper course is to apply to the court in which the judgment was rendered, to amend the record. (*Rew v. Barker*, 2 *Cowen*, 408.) With such errors, the appellate court has nothing to do. It will assume that the court below has made up the record of its judgment correctly, or if such record is amended, that the amendment was properly made. It is the province of this court to examine and correct all errors which shall be found *in any record* brought here by writ of errror; but it has no control over errors which have occurred in making up such record. If the court below sees fit to correct an error in the form of its record, it is a matter of course to allow the copy of such record which had been sent to this court before such amendments, to be also amended. But such amendments should only be allowed on such terms as will prevent injustice. In this case, the plaintiff in error, re-

---

Bissell *v.* Bissell.

---

lying upon the errors which he supposed existed in the record below, has brought his writ of error, and issue having been joined thereon, in this court, the cause is now in readiness for argument. It may be, that if the record had been originally made up as it is now amended, no writ of error would have been brought. If the plaintiff in error should elect to abandon his writ of error on such amendment being made, he ought to be permitted to do so without costs.

The motion is therefore granted; but the rule to be entered must also contain a provision allowing the plaintiff in error, within ten days, to dismiss his writ of error without costs, if he shall elect so to do.

---

SAME TERM. *Before the same Justice.*